## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-0051-WS |
| | ) | |
| DANIEL McREYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Daniel McReynolds' *pro se* filing styled "Reconsideration of 3582(c)(2) Amendment 782" (doc. 289).

As an initial matter, this filing makes little sense because McReynolds has not previously filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the U.S. Sentencing Guidelines; therefore, there is nothing to reconsider. Nonetheless, McReynolds posits that his sentencing range was "wrongfully assessed" as providing that his "minimum sentence was 20 years," when in fact his maximum sentence was 20 years. (Doc. 289, at 1.) This argument is inscrutable. The record does not reflect that anyone "wrongfully assessed" McReynolds' sentencing range. In his Plea Agreement, McReynolds expressly agreed that the maximum penalty he faced was 20 years imprisonment. (Doc. 142, ¶ 12.) During the plea colloquy, McReynolds answered affirmatively when asked if he understood that he could receive a term of imprisonment of up to 20 years. (Doc. 213, at 7-8.) At the sentencing hearing, the undersigned explained that McReynolds' adjusted offense level was 43 and his criminal history category was I, yielding a sentencing guideline range of life, but that the statutory maximum for the count to which he had pleaded guilty was 240 months. (Doc. 214, at 3-4.) The Court stated to McReynolds during the sentencing hearing that "quite frankly, you deserve more than 240 months, but that's … the highest sentence I can impose." (*Id.* at 6-7.)

Contrary to defendant's contentions, his sentencing range was not "wrongfully assessed" by anybody. At every step in the process from guilty plea to sentencing, McReynolds was correctly informed that he was facing a statutory maximum sentence of 20 years for the count of conviction. There was no error or ambiguity in that assessment. Thus, even if it were properly

framed as a § 3582(c)(2) Motion or a Motion to Reconsider, which it is not, McReynolds'
Motion would be, and is, properly **denied**.

        DONE and ORDERED this 11th day of September, 2017.

                                s/ WILLIAM H. STEELE
                                UNITED STATES DISTRICT JUDGE