IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 12-0051-WS |
| ) | |
| DANIEL McREYNOLDS, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter comes before the Court on defendant Daniel McReynolds' *pro se* filing styled "Motion to Take Mandatory Notice under Fed.R evid. 201(c)(2) and set aside Judgment under Fed. R. Civ. P 60(b)(1)(2)(3)" (doc. 291).

Back in February 2012, McReynolds was charged in a 17-count Indictment (doc. 14) with numerous controlled substance distribution offenses. In September 2012, McReynolds, who was ably represented by court-appointed counsel, entered a guilty plea and signed a Plea Agreement. Pursuant to those actions, McReynolds knowingly and voluntarily pleaded guilty to Count 11 of the Indictment, charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In conjunction with his guilty plea, McReynolds and his counsel executed a Factual Resume dated September 25, 2012, in which he admitted that each of the following statements was true and correct:

> "On December 16, 2009, the Selma Police Department used a confidential informant to purchase approximately 26.51 grams of crack cocaine from the defendant in Selma, Alabama. The defendant entered the informant's vehicle to conduct the transaction. The informant paid the defendant $1,200 for the crack cocaine.

> "The defendant has been selling crack cocaine, cocaine and marijuana in Selma since at least 1995. ***The defendant agrees that over the course of the charged conspiracy in this case the defendant conspired to distribute and distributed in excess of 8.4 kilograms of crack cocaine and the defendant expressly agrees to be held accountable for this amount of crack cocaine for purposes of relevant conduct in this case. The defendant also agrees that he was an organizer and leader of criminal activity involving 5 or more participants and was otherwise extensive in accordance with U.S.S.G. §3B1.1(a)*.*"

(Doc. 142, at 11 (emphasis added).)

On September 26, 2012, McReynolds appeared before the undersigned for a change-of-plea hearing, at which time a Rule 11 plea colloquy took place. Specifically, McReynolds (in the presence of his counsel and after being placed under oath) informed this Court that, among other things, he was fully satisfied with the legal representation he had received, he had signed the Plea Agreement and Factual Resume, he fully understood and agreed with the terms of the Plea Agreement and Factual Resume, he understood he could receive a sentence of up to 20 years' imprisonment for the offense to which he was pleading guilty, he understood that he would be bound by his guilty plea even if he did not like the resulting sentence, he understood that he was waiving his rights to a trial and to put the Government to its burden of proving his guilt beyond a reasonable doubt, and he had in fact committed the acts and done the things to which he was admitting in the Factual Resume. (*See* doc. 213.) Based on McReynolds' statements under oath during the colloquy, this Court accepted his plea of guilty as "a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense," and adjudged him guilty. (*Id.* at 13.)

At sentencing, the undersigned found that McReynolds' base offense level was 38, which corresponded to defendant's admission in the Factual Resume that he had distributed and conspired to distribute in excess of 8.4 kilograms of crack cocaine. (*See* U.S.S.G. § 2D1.1(c)(1).) The Court also applied a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), another two-level enhancement for use of violence or directing the use of violence pursuant to U.S.S.G. § 2D1.1(b)(2), yet another two-level enhancement for witness intimidation or obstruction of justice pursuant to U.S.S.G. § 2D1.1(b)(14)(D), and a four-level enhancement for McReynolds' admitted role in the offense as an organizer or leader of a criminal activity involving five or more participants pursuant to U.S.S.G. § 3B1.1(a). After a three-level reduction for acceptance of responsibility, McReynolds' adjusted offense level was in excess of 43, and was therefore treated as 43. Combined with McReynolds' criminal history category of I, his calculated guideline range was life imprisonment. However, the offense to which McReynolds had pleaded guilty (*i.e.*, possessing with intent to distribute 26.51 grams of crack cocaine on December 16, 2009) carried a statutory maximum term of imprisonment of 20 years. *See* 21 U.S.C. § 841(b)(1)(C) (fixing maximum sentence of 20 years for violations involving less than 28 grams of crack cocaine). For that reason, the Court reluctantly imposed a sentence of 240 months, while expressly informing

McReynolds during the sentencing hearing that "quite frankly, you deserve more than 240 months, but that's … the highest sentence I can impose." (Doc. 214, at 6-7.)[1]

McReynolds did not pursue a direct appeal; however, he did file a § 2255 Petition in November 2013. (Doc. 210.) As amended (*see* doc. 227), McReynolds' § 2255 Petition alleged multiple claims of ineffective assistance (predicated on theories of failure to file a notice of appeal, failure to procure a Rule 11(c)(1)(C) plea agreement that the Government never offered, failure to argue mitigating facts at sentencing, and failure to litigate the Government's assertion that McDaniels had ordered the murder of an informant), an *Alleyne* claim based on the drug quantity for which he was held accountable at sentencing, and improper use of information from co-defendants' sentencing hearings. On June 3, 2015, following an evidentiary hearing, Magistrate Judge Nelson entered a comprehensive Report and Recommendation (doc. 245) explaining why none of McReynolds' stated grounds for § 2255 relief were meritorious. On July 28, 2015, this Court entered an Order (doc. 248) and Judgment (doc. 249) adopting the Report and Recommendation in its entirety, overruling McReynolds' objections, and dismissing the § 2255 Petition with prejudice. Petitioner appealed. On February 16, 2017, the Eleventh Circuit entered an Order (doc. 275) denying McReynolds a Certificate of Appealability for failure to make the requisite showing.

More than ten months later, McReynolds filed what he styles as a Rule 60(b) Motion. In this Motion, McReynolds raises the following grounds for relief: (1) erroneous drug quantity finding, because there was no proof that McReynolds was responsible for more than the 26.51 grams of crack cocaine charged in Count 11; (2) improper consideration of murder case at sentencing; (3) vindictive prosecution that "blindsided" McReynolds "with a surprise of added drug quantity of 8 kilograms and 10 ounce[s]" because he exercised constitutional rights; (4)

---

[1] Given this dynamic of a statutory maximum far below the calculated guideline range, McReynolds' counsel withdrew his objections to the Presentence Investigation Report (which had covered the enhancements for use of a firearm, directing use of violence, and obstruction of justice), explaining that "considering the fact that the statutory maximum is 20 years, we don't feel that the content of the PSI is as critical as it might be in another situation." (*Id.* at 4.) Counsel was, of course, correct. Had he pursued and prevailed on all of those objections, the low end of McReynolds' calculated guideline range would have remained above the statutory maximum of 240 months. Thus, these objections would have made no practical difference to McReynolds' sentence or to this Court's sentencing determination.

ineffective assistance of counsel at sentencing in failing to object to the drug quantity finding; and (5) improper use of relevant conduct going beyond the boundaries of the indictment.

There are a host of defects with McReynolds' Motion. As an initial matter, it is improper for a criminal defendant to use Rule 60(b) of the Federal Rules of Civil Procedure to challenge his sentence. *See, e.g., United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.").[2] To be sure, a federal prisoner may use a Rule 60(b) motion to challenge the denial of relief in a § 2255 proceeding where the motion attacks some defect in that § 2255 proceeding. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *Serrano v. United States*, 411 Fed.Appx. 253, 255 (11th Cir. Jan. 26, 2011) ("Under certain circumstances, a prisoner can use a Rule 60(b) motion to challenge a judgment denying relief in a post-conviction proceeding."). However, a fair reading of McReynolds' Rule 60(b) Motion reveals that it has little or nothing to do with the Order and Judgment denying his § 2255 motion in July 2015. As a general proposition, it does not appear that McReynolds is complaining of defects in the integrity of his § 2255 proceedings; rather, the grounds for relief enumerated in his Rule 60(b) motion appear to be substantive claims that either rehash failed arguments from the § 2255 petition or constitute arguments that could have been, but were not, raised in the § 2255 proceedings. This is not a permissible use of the Rule 60(b) procedural vehicle.

Indeed, although McReynolds frames his Motion as being brought under Rule 60(b), in actuality it is an improper, unauthorized second or successive § 2255 motion. Again, McReynolds is seeking to use this Motion to assert and reassert claims for relief that were or could have been litigated in his prior § 2255 proceedings. Thus, the Motion is not a Rule 60(b)

---

[2] *See also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings); *United States v. Knowles*, 638 Fed.Appx. 977, 979 (11th Cir. Feb. 8, 2016) ("Federal Rule of Civil Procedure 60(b) does not provide for relief from judgment in a criminal case."); *Serrano v. United States*, 411 Fed.Appx. 253, 255 (11th Cir. Jan. 26, 2011) ("Rule 59 and Rule 60(b) are civil remedies, and, therefore, cannot be used to obtain relief from a judgment in a criminal case."); *Altman v. United States*, 2008 WL 835257, *1 (11th Cir. Mar. 31, 2008) (explaining that "Rule 60(b) does not provide for relief from judgment in a criminal case" and "a Rule 60(b) motion is not the proper motion by which to attack a criminal judgment"); *Barnett v. United States*, 2005 WL 2082900, *1 (11th Cir. Aug. 30, 2005) ("Rule 60(b) is a rule of *civil* procedure: it does not provide relief from a judgment in a criminal case.").

motion at all, but is instead a successive § 2255 petition. *See, e.g., Gilbert*, 640 F.3d at 1323 ("Because Gilbert's motion sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, under *Gonzalez* his motion is the equivalent of a second or successive motion …."); *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) ("a Rule 60(b) motion is to be treated as a successive habeas petition if it … seeks to add a new ground for relief") (citation and internal quotation marks omitted). Simply put, insofar as McReynolds' Rule 60(b) Motion consists of "either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits," it is a second or successive § 2255 motion, regardless of the label applied by petitioner. *Gilbert*, 640 F.3d at 1323.

Of course, "[w]hen a Rule 60(b) motion qualifies as a second or successive habeas petition …, it must comply with the requirements for such petitions under the AEDPA." *Williams*, 510 F.3d at 1294. "When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216. McReynolds has not obtained such authorization from the Eleventh Circuit; therefore, he is barred from pursuing the claims presented in his Rule 60(b) Motion at this time.

That said, one aspect of McReynolds' Motion does appear to challenge the integrity of his § 2255 proceedings. Specifically, McReynolds alleges that he received ineffective assistance of counsel during the § 2255 evidentiary hearing because his lawyer failed to address the sentencing court's drug quantity findings and sentencing enhancements. (Doc. 291, at 4.) Assuming such claims may be properly raised under Rule 60(b), they are meritless. Any attempt by McReynolds' § 2255 counsel to litigate the drug quantity, enhancements or other guideline calculations in this case would have been frivolous. After all, this Court previously found based on the Rule 11 plea colloquy that McReynolds knowingly and voluntarily executed the Factual Resume, in which he expressly agreed to be held accountable for more than 8.4 kilograms of crack cocaine as relevant conduct and further agreed that he was an organizer/leader of criminal

activity involving five or more participants. (*See* doc. 142, at 11.) Through those acknowledgments and agreements (which were bargained for in the plea negotiations in order to induce the Government to dismiss the other 16 counts against him, including counts as to which there would be no 240-month statutory maximum in place to limit defendant's exposure), McReynolds effectively conceded that his base offense level was 38 (pursuant to U.S.S.G. § 2D1.1(c)(1)) and that a four-level enhancement for aggravating role (pursuant to U.S.S.G. § 3B1.1(a)) was warranted. Those two agreed-upon facts, by themselves, led inexorably to a calculated guideline range whose low end was in excess of the 240-month statutory maximum sentence for Count 11.[3] Insofar as McReynolds now balks that "this court haven't prove [*sic*] 8 kilograms, 10 ounces of crack cocaine" (doc. 291, at 13), his objection is misguided. The requisite proof lies in McReynolds' own statements in the signed Factual Resume.

More broadly, McReynolds' objections to the drug quantity and enhancements appear rooted in a fundamental misunderstanding of the concept of "relevant conduct" as it relates to sentencing guidelines calculations.[4] The Court finds that the matters, acts and omissions weighed in computing McReynolds' sentencing guideline range all fit comfortably within the umbrella of "relevant conduct," so as to be properly considered for sentencing purposes here. Accordingly, it was not deficient performance for his § 2255 counsel not to object to the scope of "relevant conduct" at the § 2255 hearing. There was no defect in McReynolds' § 2255

---

[3] Of course, those aspects of the sentencing guidelines calculations do not even take into account the multiple other enhancements found by the Court at sentencing, including enhancements for use of a weapon, use of violence or directing use of violence, and obstruction of justice / intimidating a witness.

[4] "Under § 1B1.3, a sentencing court must consider 'relevant conduct' when calculating the Guidelines range for the offense of conviction." *United States v. Siegelman*, 786 F.3d 1322, 1330-31 (11th Cir. 2015). "Because the limits of sentencing accountability are not coextensive with the scope of criminal liability, … relevant conduct is broadly defined to include both uncharged and acquitted conduct that is proven at sentencing by a preponderance of the evidence." *Id*. at 1332 (citation and internal quotation marks omitted); *see also United States v. Rodriguez*, 751 F.2d 1244, 1256 (11th Cir. 2014) ("proper calculation of the guidelines requires consideration of 'all relevant conduct,' not merely charged conduct.") (citation omitted). The Eleventh Circuit applies the "relevant conduct" guideline broadly. *See United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996) ("This Court broadly interprets the provisions of the relevant conduct guideline."). This Court's application of relevant conduct to McReynolds' sentencing calculations was in no way incorrect or improper.

proceedings, and no relief is appropriate under Rule 60(b). McReynolds' guidelines range was properly calculated and it would have been a pointless waste of time for his § 2255 counsel to argue otherwise during the evidentiary hearing.

For all of the foregoing reasons, the Court concludes that McReynolds' "Motion to take Mandatory Notice under Fed.R evid. 201(c)(2) and set aside Judgment under Fed. R. Civ. P 60 (1)(2)(3)" (doc. 291) is due to be, and the same hereby is, **denied**. To the extent that McReynolds may seek a Certificate of Appealability to appeal this ruling, or may wish to appeal *in forma pauperis*, those requests are both **denied** on the grounds that any appeal would be frivolous.

DONE and ORDERED this 30th day of January, 2018.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE